Gaston, Judge.
 

 After stating the substance of the lull as above, proceeded as follows : — ijpon the facts thus set forth, which for the present must be taken to be true, there can be little or no question but the plaintiffs are entitled to some relief. They own beneficially the money due from
 
 Blount
 
 to the firm of
 
 Drake
 
 &
 
 Emerson. Emerson
 
 the surviving partner hath alone the legal right to collect it, and is bound to pay itver the money when collected, unless there be unsatisfied creditors of the firm,to the plaintiffs. As
 
 Emerson
 
 is a naked trustee, lie has no inducement of interest to take upon himself the trouble of collection, and as his residence is unknown, the plaintiffs arc unable either to compel him to collect, or obtain from him an authority to sue in his name. Without some aid from a Court of Equity the plaintiffs must lose what in justice they ought to receive, and the defendant will be permitted to keep, what in conscience he ought not to retain. But it is objected that these facts give the plaintiffs no right to general relief, but can at best furnish but a ground for the exercise of what is termed the auxiliary jurisdiction of a Court of Equity, by removing out of the way the specific obstacle which prevents the prosecution of a suit of law. We think this objection not well founded. The interest of the plaintiffs is one of, equitable cognizance only; they cannot assert their right but in a Court of Equity, and they make out a case entitling them to eome into such a Court for tiie protection of their rights, if it be the duty of their trustee to collect the money, bis misconduct furnishes a sufficient cause for the interference of a Court of Equity. If it is not his duty to make the collection personally, his absence from the
 
 *355
 
 State, and the. inability of the plaintiffs to procure from him the necessary authority to act in his name, make out a case of accident,for the relief of which such a Court is the appropriate forum. And it is the general rule of a Court of Equity, when it h,as jurisdiction of the subject matter, to do full justice to all concerned in it. When a Court of Equity takes cognizance of a lost bond, it exercises that jurisdiction,not by undertaking to remove the obstacle in the way of the effectual assertion of the right of the obligee in an action at law, but by decreeing Avhat is just between the parties, Compelling the one to pay, and the other to indemnify. In fact it may well be questioned whether a Court of Equity will ever require that to be done in a Court of Law which is against its established rules of proceeding, to dispense with the pro, fert of a bond, or the production of a w'arrant of attorney. if it could do so, it ought not, because this would be to deprive the party of a legal right, without providing an adequate security against aprobable or possible loss, by such interference with it. Here all the parties interested are properly brought before the Court, and it has it in its power much more effectually to secure and protect the rights of all than could possibly be done by a Court of Law under any assistance which the Court of Equity might render.
 

 The Court is of opinion that the demurrer was properly overruled, and that it be so certified to the Court below.
 

 Per Curiam. — Decree aitirmed.